**Kabal Singh CHINNA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75600.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 26, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Genevieve Holm, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Kathleen V. Gunning, Esq., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

## MEMORANDUM **

Kabal Singh Chinna, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir.2003), and we deny the petition for review.

■ Substantial evidence supports the IJ's finding that the government rebutted the presumption of a well-founded fear of future persecution by showing that there has been a fundamental change in circumstances in India such that Chinna no longer has a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(1); *see also Gonzalez–Hernandez,* 336 F.3d at 998–99. The IJ's analysis of how changed country conditions affected Chinna's specific situation was sufficiently individualized to provide substantial evidence for the conclusion that Chinna failed to establish eligibility for asylum. *See Gonzalez–Hernandez,* 336 F.3d at 998–99.

■ Because Chinna did not establish that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

■ Chinna waived review of his eligibility for CAT relief by declining to raise the issue in his opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.